IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

EZELL A. CURRY,

Defendant.                                                          No.09-30149-DRH

**ORDER**

**HERNDON, Chief Judge:**

Defendant Ezell A. Curry has filed a motion entitled "motion § 3572 for the judge to set the payment plan." In his motion, defendant contends that the Court erred by failing to specify in defendant's judgment the proper payment schedule pursuant to 18 U.S.C. § 3664(f)(2). Accordingly, defendant asks the Court to suspend the Bureau of Prisons ("BOP") from collecting any monetary penalties. Because the Court lacks jurisdiction to hear this claim and because defendant is flat out wrong on the law, the Court dismisses the motion (Doc. 46).

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. See *United States v. Campbell*, 324 F.3d 497, 500 (7th Cir. 2003) (Easterbrook, J., concurring) (citing see, e.g., *Carlisle v. United States*, 517 U.S. 416 (1996)). Here, defendant does not cite any case law or statute which allows the Court to consider defendant's

motion. Thus, the Court dismisses it for lack of jurisdiction.

Even if the Court had jurisdiction to hear defendant's claim, however, it would be denied. In this case, defendant was given a $200 assessment and a $400 fine, and the Court set forth the following special instructions regarding the payment of defendant's criminal monetary penalties:

> Payments are due immediately, through the Clerk of the Court. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $25.00 or 10% of defendant's monthly net monthly income, which is greater, over a period of 24 months, to commence 30 days after release from imprisonment to term of supervision.
>
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prison's Inmate Financial Responsibility Program, are made to the clerk of the court.

(Doc. 28). Thus, as set forth above, defendant's assertion that the Court failed to set forth the proper payment is simply wrong. The Court set forth the payment plan to be followed when defendant is released from imprisonment. While defendant is in prison, however, decisions regarding defendant's payment plan are determined by the BOP. See *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011) ("The Attorney General rather than the courts 'shall be responsible for collection of an unpaid fine or restitution' imposed by a judgment, 18 U.S.C. § 3612(c), and he has delegated his authority to the Bureau of Prisons, 18 U.S.C. § 4042(a)(1), which created the Inmate Financial Responsibility Program to facilitate collection. This delegation is proper,

[citations], and the 'courts are not authorized to override the Bureau's discretion about such matter, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side).' [Citations]."); *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008) ("Because a prisoner's earnings while in custody depend on the Bureau of Prisons, as well as the prisoner's co-operation with its programs, it is not clear what payment schedule a court could set if it wanted.").

As the Seventh Circuit held in *Sawyer*, "Leaving payment during imprisonment to the Inmate Financial Responsibility Program is not an error at all, let alone a plain error." *Sawyer*, 521 F.3d at 796. "The statute requires the judge to set a schedule if the defendant cannot pay in full at once, see 18 U.S.C. § 3664(f)(2), but it does not say when the schedule must begin." *Id.* The schedule "need not, and as a rule should not, begin until after the defendant's release from prison." *Id.* "Payments until release should be handled through the Inmate Financial Responsibility Program rather the court's auspices." *Id.* Thus, defendant's motion is dismissed.

**IT IS SO ORDERED.**

Signed this 2nd day of April, 2012.

David R. Herndon
2012.04.02
16:14:56 -05'00'

**Chief Judge
United States District Court**